JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
RICHARD D. LUCZAK, CA Bar No. 216197
Deputy County Counsel
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415-0140
Telephone: (909) 387-0228
Facsimile: (909) 387-4069     **Exempt per Gov. Code §6103**

Attorneys for Defendant GARY SCHEIDEMANTLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAVID JOSEPH SAMSON, | CASE NO. CV EDCV 13-1395 JVS (KK) |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER** |
| vs. | Assigned to:<br>Judge James V. Selna |
| GARY SCHEIDEMANTLE, | |
| Defendant. | Referred to:<br>Magistrate Judge Kenly Kiya Kato |

The copies of any confidential records disclosed by defendant pursuant to this Protective Order may be distinctively marked, provided that such marking does not obscure or obliterate the content of any record, and may be stamped with substantially the following language: "CONFIDENTIAL -- UNLAWFUL TO DUPLICATE." Thereafter, plaintiff David Joseph Samson shall not convey, transfer, publish, distribute, copy, duplicate or disseminate the information or documents so provided except as may be reasonably necessary for the prosecution of this litigation *only*,

by communicating with the parties, or investigators, and experts retained on behalf of the parties in this matter.

Plaintiff shall not use such documents for any purpose other than to prepare for or to try this case only.

Plaintiff shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or documents.

If any information or document provided pursuant to this Protective Order is used in any motion filed with the Court, that information or document will be filed under seal.

All documents subject to this Protective Order that are submitted to the Court or used in any pretrial proceeding before this Court shall remain confidential and shall be accorded *in camera* treatment.

The inadvertent or unintentional disclosure of confidential documents/information by the defendant shall not be construed to be a waiver, in whole or in part of the defendant's claims of confidentiality either as to the specific documents or as to any other information relating thereto.

In the event plaintiff David Joseph Samson shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may apply to obtain injunctive relief and monetary sanctions against any such person violating or threatening to violate any of the terms of this Protective Order.  This Court shall have the power to impose whatever penalties it deems appropriate for the violation of said Order, including, but not limited to, monetary and judicial sanctions and contempt.

The provisions of this Protective Order shall survive and remain in full force and effect after the Entry of Final Judgment (including any

appellate proceedings) in this case, whether by settlement or litigation.

Upon final conclusion of the present litigation, all copies of all documents disclosed subject to this Order shall be returned to counsel for the party who provided them.

This Court retains jurisdiction, both before and after the entry of Final Judgment in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this Order. The treatment of confidential information to be introduced at trial shall be subject of a later order.

DATED: February 20, 2015

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE